UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - - - - -

G.E.G.,

        Plaintiff,

v.

Eric K. Shinseki, Secretary,
DEPARTMENT OF VETERANS AFFAIRS,
A Federal Agency,

        Defendant.
_____/

Case No. 1:10-cv-1124

Hon. Janet T. Neff
U.S. District Judge

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

      Plaintiff pseudonymously filed an employment discrimination suit against the Secretary of the United States Department Veterans Affairs (the "VA") without following proper procedure or obtaining permission from the Court to proceed without using his name.  Even if Plaintiff had requested a protective order from the Court to allow him to hide his identity from public view, he cannot overcome the well-grounded presumption of openness of judicial proceedings.  There is no exceptional privacy concern – and nothing particularly stigmatizing or intimate about his alleged disability – that justifies allowing him to conceal his name while proceeding with his allegations against the VA.

      Plaintiff's impermissible attempt to do so should result in dismissal of his claims.  The Court lacks jurisdiction over unnamed parties, Plaintiff failed to timely commence a proper suit in his name, and a suit in his  name is now time-barred.  As a result, the Court should dismiss his Complaint with prejudice.

**FACTUAL BACKGROUND**

Plaintiff is a former VA nurse who alleges that he is disabled due to "Attention Deficit Disorder/unspecified learning disorder; sleep apnea; radiculopathy; anxiety disorder; dysthymic disorder; and cervical neck pain." (Plaintiff's Compl., Doc. No. 2 at ¶¶ 11, 12.) He contends that the VA discriminated against him on the basis of disability by failing to reasonably accommodate his disability and then terminating his probationary employment after a VA Summary Probation Review Board concluded that he had abused his sick leave, was absent without leave, and walked off the job. (*Id.* at ¶¶ 12, 15, 16, 19, 25, 26.) After the VA denied Plaintiff's claims at the administrative level, he appealed the decision to the Equal Employment Opportunity Commission ("EEOC"); the EEOC affirmed the denial on August 11, 2010. (*Id.* at ¶¶ 6-9.) Plaintiff alleges that he received the EEOC's denial of his claims on August 17, 2010, and that he had a 90-day time period following his receipt in which to sue. (*Id.* ¶ 9.) That 90-day period expired on November 15, 2010, the day Plaintiff pseudonymously filed his Complaint in this Court. (*Id.*)

Plaintiff's Complaint identifies him as "G.E.G." and states that he is proceeding "under a pseudonym" because of the private nature of his alleged disabilities (*id.* ¶ 1), but there is no indication in the Docket Sheet that he ever made any effort to file a motion or seek a protective order to do so. While he is unwilling to identify himself, he specifically names both the supervisor he accuses of discriminating against him as well as a human resources officer at the VA. (*Id.* ¶¶ 20, 22-25, 33-34.)

## ARGUMENT

**I.      Plaintiff Cannot Proceed Under A Pseudonym.**

The Federal Rules of Civil Procedure do not provide for suits under fictitious names, "and there are likewise no provisions for anonymous plaintiffs." *Coe v. U.S. Dist. Ct. for Dist. of Colo.,* 676 F.2d 411, 415 (10th Cir. 1982). Instead, under Rule 10(a), a complaint "must *name* all the parties." Fed. R. Civ. P. 10(a) (emphasis added); *Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 636 (6th Cir. Jan. 3. 2005). Similarly, Rule 4(a) provides that a summons must "*name* the court and the parties." Fed. R. Civ. P. 4(a) (emphasis added). While Rule 5.2(a)(3) provides that initials may be appropriate in filings where the individual at issue is a minor, it makes no such provisions for persons such as Plaintiff, who is not a minor and merely subjectively believes that he should be able to keep his name hidden from the public record because of his alleged disability. Fed. R. Civ. P. 5.2(a)(3).

Public access to the names of the parties has important constitutional, policy and customary grounds, and there is a presumption of openness in judicial proceedings. *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983); *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992) (discussing both "customary and constitutionally-embedded presumption of openness"); *Doe v. Stengall,* 653 F.2d 180, 185 (5th Cir. 1981) (public access to the parties' names is "more than a customary legal formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings"); *Does v. Shalushi* et al., No. 10-11837, 2010 WL 3037789, at *1-*2 (E.D. Mich. July 30, 2010) (discussing public policy and public's common law right of access). In fact, in December of 2010, this Court adopted local rules explicitly recognizing the "common-law presumption of public access to judicial files

in civil cases . . . ." LCivR 10.6(a); Administrative Order No. 10-099 (W.D. Mich. Dec. 13, 2010). The public has a protected interest in knowing the facts of the case, including the parties' identities. *Frank,* 951 F.2d at 322.

Merely providing initials does not comply with the plain and clear text of the Federal Rules of Civil Procedure, which require a name. *W.N.J. v. Yocom,* 257 F.3d 1171, 1172 (10th Cir. 2001). Even if the VA could use the initials and other information in the Complaint to discover Plaintiff's name, the public cannot. *See R.P. v. Bd. of Trustees of Vista Unified Sch. Dist.,* Civil No. 08cv1657-L(NLS), 2008 WL 4753743, at *2 (S.D. Cal. Oct. 29, 2008) (party who used initials did not address public interest in knowing identities of parties). Public funds are being used to defend and potentially resolve this case, and the public should have access to Plaintiff's identity, not just his initials. *See M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998).

A plaintiff can only proceed under a pseudonym under exceptional circumstances, and only if he first files a proper action and seeks a protective order for permission to proceed under a pseudonym. *Marsh,* F. App'x at 636-37. Here, while Plaintiff's Complaint mentions that he wants to proceed "under a pseudonym" (Compl. at ¶ 1), he never brought this intention to the Court for a decision and left it to Defendant to raise the issue. The passing reference in his Complaint certainly does not fulfill the Sixth Circuit's requirement that he first file a proper pleading seeking a protective order for permission to proceed under a pseudonym. In another recent case in the Western District of Michigan, the plaintiffs made a much greater effort to bring the same issue to the court's attention, even referencing the legal authority under which they felt entitled to proceed anonymously, but Judge Jonker still issued an order to show cause why the

case should not be dismissed for lack of jurisdiction. *Doe v. Hollinrake*, No. 10-cv-00305 (W.D. Mich.) at Doc. No. 2 ¶¶ 12-13 and Doc. No. 3.[1]

Here, even if Plaintiff had properly filed for a protective order, it would not have been appropriate to grant the request. Courts should not grant permission to proceed under a pseudonym except in exceptional circumstances. *Frank,* 951 F.2d at 323; *Doe v. Hollinrake*, No. 10-cv-00305 (W.D. Mich. April 29, 2010) (Doc. No. 5). Courts in the Sixth Circuit apply the following factors to determine whether an exception is justified:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Marsh,* 123 F. App'x at 636, citing *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004).

This is not such an exceptional situation; it is a routine employment discrimination complaint that does not implicate any unusual privacy interest. Only the first and second factors even arguably apply here, but they do not weigh in favor of allowing Plaintiff to proceed under a pseudonym.

With respect to the first factor, while Plaintiff arguably may be challenging a governmental decision, there is nothing uniquely governmental about it. The fact that the VA is defending the case does not tip the scales of anonymity in his favor. In *Frank,* the Eleventh Circuit determined that the fact that plaintiff was suing the U.S. Postal Service did not weigh in favor of anonymity; this factor does not provide more reason to allow anonymous suit against the

---

[1] The show cause order in *Hollinrake* was previously filed in this case as Doc. No. 5.

government, but merely means that in suits against private individuals there are additional reasons *not* to grant anonymity.  951 F.2d at 323-24.  This factor applies to cases in which the plaintiff is challenging a governmental activity such as a policy or statute.  *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979) (finding no right to proceed anonymously under Title VII and noting that case did not challenge constitutional, statutory, or regulatory validity of government activity); *Doe v. Individual Members of the Indiana State Board of Law Examiners*, No. 1:09-cv-0842-WTL-TAB, 2009 WL 2448468, at *1 (S.D. Ind. August 8, 2008) (listing governmental policy or statute as examples of government activity under the first factor).

Here, Plaintiff is merely contesting an employment action that happens to have been made at a VA facility.  He is not contesting a government policy, statute, or enforcement effort.  In addition, although this suit is against a government agency, Plaintiff has accused and identified specific people by name – much as if he was suing a private party – and filing this action in the public record could result in damage to their reputations and even economic harm in the future.  *See Wynne & Jaffe* at 713; *Coe,* 676 F.2d at 416.  Thus, the concerns that apply when a private party is the defendant are present in this case as well.

The second factor weighs strongly in favor of requiring Plaintiff to use his real name.  His alleged disability is not so intimate and private that he should not have to disclose his identity.  None of his alleged conditions are particularly stigmatizing or embarrassing.  *See A.J.H. v. Ohio Rehabilitation Services Comm'n,* No. 2:09-cv-637, 2009 WL 2409575, at *1 (S.D. Ohio Aug. 4. 2009) (fact that plaintiff had ADHD and received vocational services would not stigmatize plaintiff and did not justify allowing plaintiff to proceed under a pseudonym); *Individual*

6

*Members of the Indiana State Board of Law Examiners*, 2009 WL 2448468, at *2 (anxiety disorder, post-traumatic stress disorder, obsessive-compulsive disorder and even a history of mental health hospitalization did not justify proceeding anonymously; conditions were common and not of utmost intimacy).  Depression is a common allegation in numerous personal injury and employment cases and it is not uncommon in the general population.  There is nothing at all stigmatizing or embarrassing about having sleep apnea or neck or back pain.  Even if public disclosure as to the alleged disability might have some future impact on Plaintiff's professional prospects, this is not sufficient to justify allowing him to proceed anonymously. *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.1989); *Doe I v. Individuals,* 561 F. Supp.2d 249, 256 (D. Conn. 2008) ("courts should not permit parties to proceed pseudonymously just to protect the parties' professional or economic life"); *Wynne & Jaffe*, 599 F.2d at 713 (in a Title VII case, the prospect of professional repercussions or retaliation from current or prospective employers did not justify allowing plaintiff to proceed anonymously.)

      Holding that Plaintiff's alleged disability permits him to proceed under a pseudonym would be inconsistent with openness in judicial proceedings and would mean that numerous personal injury or employment discrimination plaintiffs could also hide their identities.  Allowing this practice would not be fair to the public or to the accused people who are named in the complaints.  *Wynne & Jaffe*, 599 F.2d at 713 ("Defendant[s] .. . stand accused of serious violations of federal law.  Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.") Where a plaintiff makes public accusations against defendants, the plaintiff "should stand behind

those accusations, and the defendants should be able to defend themselves publicly." *Doe v. Wolowitz,* No. 01-73907, 2002 WL 1310614, at *1 (E.D. Mich. May 28, 2002), *quoting Doe v. Indiana Black Expo. Inc.*, 923 F.Supp. 137, 141 (S.D. Ind.1996).

## II. Plaintiff's Claims Should Be Dismissed Because He Failed To Commence An Action By Filing Suit In His Name.

Where, as in this case, the plaintiff failed to seek and obtain court permission to proceed pseudonymously, the failure is fatal to his complaint because "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Marsh,* 123 F. App'x at 637 (emphasis added) (citing *Gibbs*, 886 F.2d at 1245). District courts in the Sixth Circuit have agreed that where a plaintiff filed suit without seeking or obtaining permission to proceed under a pseudonym, the court lacked jurisdiction and no case was ever commenced. *Shalushi,* 2010 WL 3037789, at *1-*2 (granting motion for more definite statement and ordering plaintiffs to file amended complaint); *Anonymous v. City of Hubbard,* No. 4:09cv1306, 2010 WL 148081, at *1 (N.D. Ohio Jan. 11, 2010) (same).

Plaintiff's use of initials, rather than some other pseudonym, is irrelevant to the jurisdictional question. For example, in *W.N.J. v. Yocom,* the Tenth Circuit dismissed an appeal on jurisdictional grounds where the plaintiffs, who identified themselves by their initials, had failed to obtain permission from the district court before proceeding anonymously. 257 F.3d at 1172. While the original magistrate judge gave the plaintiffs permission to use pseudonyms while the appeal was pending, this did not "cure the failure to secure permission at filing" and the Tenth Circuit raised the issue *sua sponte* because the issue affected the court's "fundamental jurisdiction to hear the appeal." *Id.* It concluded that "[t]he lack of original jurisdiction in the

district court" could not be cured in such a fashion and the district court "never had jurisdiction over the plaintiffs." *Id.* at 1172-73. Likewise, in *R.P. v. Bd. of Trustees of Vista Unified Sch. Dist.,* a California federal district court dismissed a complaint in which the Plaintiff sued under his initials because this failed to comply with Rule 10(a). 2008 WL 4753743, at *1. *See also Zavaras,* 139 F.3d at 803-04 (upholding jurisdictional dismissal of complaint brought under initials as improperly brought under pseudonym, despite the fact that plaintiff filed a motion for permission to do so). The fact that a defendant might be able to figure out who the plaintiff is because he used initials or put some other biographical history in the complaint has no bearing on whether a court has jurisdiction over a party.

Because Plaintiff failed to file suit under his real name or file a motion for permission to proceed anonymously, his case should be dismissed for lack of jurisdiction. *Yocom* at 1172-73; *Estate of Rodriguez v. Drummond Co.,* 256 F. Supp. 2d 1250, 1255-56 (N.D. Ala. 2003)(dismissing complaint filed under pseudonym); *see also Doe v. Dart,* Civil Action No. 08 C 5120, 2009 WL 1138093, at *1-*2 (N.D. Ill. April 24, 2009) (same). The Sixth Circuit's decision in *Marsh* is a strong indication that district courts in this jurisdiction should not permit anonymous plaintiffs to amend their complaints to state their names where the amended complaint would be untimely as an initiating action.[2] Following Tenth Circuit decisions, the Sixth Circuit's opinion in *Marsh* specifically held that no case had been commenced and that the

---

[2]None of the decisions in which courts in the Sixth Circuit allowed an anonymous Plaintiff to amend his complaint involved questions of whether the amended complaint would be filed within the permissible time period for filing suit. There are decisions from courts outside of the Sixth Circuit that have permitted such amendments and indicated that the amendment will relate back to the time of filing of the original complaint, but these decisions did not apply Sixth Circuit law, which accepts the Tenth Circuit's conclusion that the district court never had jurisdiction because no case was commenced.

failure to seek permission to proceed pseudonymously was "fatal" to the plainitff's case; this was a jurisdictional defect. 123 F. App'x at 637.[3] It is not just a pleading technicality. Because Plaintiff has never commenced a case, an amended complaint would actually be the initial complaint in the case. As explained below, this initial complaint would not be timely.

### III.    The Dismissal Should Be With Prejudice.

Plaintiff's failure to file under his name cannot be cured retroactively and the Court should dismiss Plaintiff's claims with prejudice. Any attempt to amend or refile the case now would be time-barred. As Plaintiff alleges, on August 17, 2010, following the EEOC's denial of his claims, he received a 90-day right to sue letter from the EEOC (Complaint ¶ 9.) The time in which he could file a complaint therefore expired on November 15, 2010. 42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1614.407. As a result, if he attempted to commence his suit now, his case would be untimely and subject to dismissal. Given that *Marsh* dictates that Plaintiff has not yet commenced an action against the VA, there is no action under the court's jurisdiction to which an amended complaint could relate back.

New parties cannot be added to a case by amending the complaint after the limitations period has run; such an amended complaint would not relate back under Fed. R. Civ. P. 15. *Cox v. Treadway,* 75 F.3d 230, 240 (6th Cir. 1996) (rejecting attempt to amend to substitute named

---

[3] The Sixth Circuit's decision to dismiss the individual John Doe plaintiff in *Marsh* was not premised on the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37 (1971). The applicable portion of the *Marsh* opinion cites Rule 10(a), the Sixth Circuit's analysis in *Porter*, 370 F.3d at 560 and Tenth Circuit's holding in *Gibbs*, 886 F.2d at 1245 – not *Younger* – as the bases for its conclusion that the district court did not err by dismissing the John Doe individual. Even if the Sixth Circuit was concerned about circumvention of *Younger* in the *Marsh* case, it made no effort to limit its holding to the facts of that case but instead broadly applied the rules regarding anonymous complaints as set forth in the Sixth Circuit's published decision in *Porter*. The *Porter* decision had nothing to do with the *Younger* abstention doctrine.

defendants for "unknown police officers" listed as defendants in original complaint, as this was a change in parties). In *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010), the Sixth Circuit rejected an attempt to amend to add untimely new plaintiffs as additional parties, stating that "[t]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing of purposes of limitations.'" (quotation omitted). It reasoned that amendments to change plaintiffs' identities through amended complaints have only been permitted to relate back in cases that involved correcting "misnomers or misdescriptions." *Id.* at 318-19. This case does not involve such a misnomer or misdescription regarding a proper plaintiff already subject to the Court's jurisdiction. *See id.* at 319. The pseudonymous Plaintiff currently is not a proper party subject to the court's jurisdiction, and he knowingly chose not to identify himself correctly. Although the new, non-pseudonymous complaint would not be brought by a different person, for jurisdictional purposes it would still be a new cause of action by a new party and it would not be timely.

   Rule 17 of the Federal Rules of Civil Procedure does not change this analysis. Under Rule 17(a)(1), "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). While Rule 17(a)(3) permits the real party in interest to be joined prior to dismissal and allows the case to proceed as if originally filed by the real party, this does not undermine the VA's argument. Rule 17(a)(3) applies when the action was originally brought by someone other than the real party in interest. It gives the real party the opportunity to ratify, join, or be substituted into the case before the court dismisses it because it was not brought by the correct party. *See* Fed. R. Civ. P. 17(a)(3). This rule assures that those who have an interest are

actually represented in the case and that the case is not dismissed before the real party knows about it and has the chance to participate.  The object of the rule is that "the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation." *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.,* 485 F.2d 78, 83 (4th Cir. 1973).  It is intended to protect defendants from subsequent suits by the party actually entitled to recover and from harassing suits by those who do not have the power to make binding decisions. *F.D.I.C. v. Graham,* 2011 WL 1429218, at *4 (S.D. Ohio Apr. 13, 2011); *Zurich Ins. Co. v. Logitrans, Inc.,* 297 F.3d 528, 532 (6th Cir. 2002) (quoting advisory committee notes to Fed. R. Civ. P. 17).[4]

This rule does not give Plaintiff a second chance to file a proper claim in his name and this case has little relevance to the purposes of Rule 17(a).  The issue here is not that this was a proper action simply brought by someone other than the real party; the issue is that the right individual failed to name any person as Plaintiff.  The person who filed this Complaint is the same individual who was subject to the VA's alleged discrimination.  He was the one entitled to

---

[4] The cases Plaintiff cites in the Rule 17 analysis in his Response to Defendant's Pre-Motion Conference Request are inapposite. *Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508, 517 (6th Cir. 1974)*,* carefully limited its holding to the particular facts of the case. *Executive Jet* was a class action complaint under the Federal Tort Claims Act relating to an airplane crash.  Under a loan arrangement from the plaintiffs' insurers, the insurers were subrogated to the plaintiffs' claims and were the real parties in interest.  The Sixth Circuit allowed the insurers to be added as a party, concluding that the plaintiff's administrative claim tolled the limitations period.  It stated, however, that it expressed "no opinion about the proper result in generally similar situations not involving subrogation, nor in cases in which the subrogor has not filed a timely and complete administrative claim." *Id.*  In *Ratner v. Sioux Natural Gas Corp.,* 770 F.2d 512 (5th Cir. 1985), the real party was a corporate successor in interest to one of the original parties, and the successor subsequently joined the suit and ratified the action.  In this case, there is no issue regarding any difficulty or mistake in determining or updating what corporate entity had a legal right to bring the claims in its name.

bring an action in his name and he has known about this suit the entire time. He is not a stranger to the case who needs the opportunity to ratify the action or protect his interest. He did not make a mistake in determining the correct person or entity to file suit. Instead, in the face of clear rules requiring him to use his name to commence an action, he simply refused to do so and did not move for a protective order for the court's permission to proceed under a pseudonym. He has had over seven months to correct his pleading or move for a protective order. There is no need or justification for waiting to dismiss the case or giving him an opportunity to amend that relates back to the time of the initial filing.

There is nothing harsh or inequitable about such a result. Plaintiffs who allege discrimination in federal employment must comply with rigorous time and administrative exhaustion requirements. *Steiner v. Henderson*, 354 F.3d 432, 434-35 (6th Cir. 2003); *Brown v. General Servs. Admin.*, 425 U.S. 820, 833 (1976).[5] Courts routinely dismiss employment claims that are not brought in compliance with these rules and they strictly enforce the 90-day time limit. *Graham-Humphreys v. Memphis Brooks Museum of Art,* 209 F.3d 552, 557 (6th Cir. 2000). Here, the Sixth Circuit's decision in *Marsh* requires the conclusion that Plaintiff has not filed suit against the VA because he brought an anonymous complaint without seeking a protective order for permission to do so. No external factor beyond his control prevented him from timely filing suit. He was aware of the deadline and his failure to commence suit was entirely due to his own decision to disregard the Federal Rules of Civil Procedure and Sixth Circuit law regarding when a party can proceed anonymously and how he should obtain permission to do so. *See*

---

[5] The same exhaustion requirements and procedures apply to Rehabilitation Act claims as Title VII claims. *Smith v. United States Postal Serv.*, 742 F.2d 257, 258-62 (6th Cir.1984).

*Graham-Humphreys,* 209 F.3d at 560-61 (equitable tolling only applies when failure "unavoidably arose from circumstances beyond that litigant's control.")  Like any other plaintiff who failed to bring a timely suit for reasons that were within his control, he should not be allowed to proceed.

## CONCLUSION

For the reasons stated above, the Court should not permit Plaintiff to proceed under a pseudonym and should dismiss his Complaint with prejudice.

Respectfully submitted,

DONALD A. DAVIS
United States Attorney

Dated: June 28, 2011                    /s/ *Ryan D. Cobb*
                                        RYAN D. COBB
                                        Assistant United States Attorney
                                        Post Office Box 208
                                        Grand Rapids,  MI  49501-0208
                                        (616) 456-2404
                                        Email: Ryan.Cobb@usdoj.gov