UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

G.E.G.

        Plaintiff,                                                   Case No.1:10-cv-1124

v.                                                                    Hon. Janet T. Neff

DEPARTMENT OF VETERANS AFFAIRS

        Defendant.

_____

| NICHOLAS ROUMEL (P37056) | RYAN D. COBB |
|---|---|
| NACHT, ROUMEL, SALVATORE, | Assistant United States Attorney |
| BLANCHARD &WALKER, P.C. | Attorney for Defendant |
| Attorney for Plaintiff | Post Office Box 208 |
| 101 N. Main Street, Ste. 555 | Grand Rapids MI  49501-0208 |
| Ann Arbor, MI 48104 | (616) 456-2404 |
| (734) 663-7550 | Ryan.Cobb@usdoj.gov |
| nroumel@nachtlaw.com | |

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

       1.       Denied. Plaintiff's Complaint, Paragraph 1 specifically notes that he seeks court permission to proceed pseudonymously.  Also see attached brief.

       2.       Denied for the reasons set forth in the attached brief.

       3.       Denied for the reasons set forth in the attached brief.

       4.       Admit.

       5.       No response required.

                                                            Respectfully submitted,
                                                           NACHT, ROUMEL, SALVATORE,
                                                           BLANCHARD & WALKER, P.C.

Dated: July 22, 2011                              s/ Nicholas Roumel
                                                          Nicholas Roumel (P37056)
                                                           Attorney for Plaintiff

                            101 N. Main Street, Ste. 555
                            Ann Arbor, MI 48104
                            (734) 663-7550
                            nroumel@nachtlaw.com

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On November 12, 2010, Plaintiff filed a one-count complaint under the Rehabilitation Act, § 504 against his former employer, the Department of Veteran Affairs. It should be stressed that Plaintiff is not proceeding anonymously – but pseudonymously.  In other words, Plaintiff's identity is well known to the Defendant, as Plaintiff provided sufficient detail in the Complaint to permit himself to be identified.

In his Complaint, Plaintiff stated his initials, G.E.G., and that he "seeks to proceed under a pseudonym due to the private nature of his disabilities."  Compl. ¶ 1.  Plaintiff further noted that he was hired by the VA facility in Battle Creek, Michigan in July, 2008 as a Utilization Review Staff Nurse in the Battle Creek, Michigan VA facility. Id., ¶ 12. He specifically identified his supervisor and Human Resources director, by name. Id., ¶ 20. Finally, he provided detail about his "Equal Employment Opportunity ("EEO") complaint made to the Department of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication, on June 11, 2009, alleging discrimination on the basis of disability and gender (male). The case # is identified as agency no. 200J-0515-2009102808; appeal no. 0120101751." And that complaint was not filed under a pseudonym.

With such obvious clues, Defendant does not deny that it is aware of who the plaintiff is and is in no way inhibited from defending the action.  Nonetheless, Defendant now seeks to dismiss the action based on Plaintiff not stating his real name in his Complaint.  In response, and consistent with the language of paragraph 1 in his Complaint, Plaintiff seeks permission to proceed under a pseudonym.  If the Court does not agree that he should be entitled to proceed under a pseudonym, he requests that the complaint be amended to be filed under his own name, relating back to his original filing date.

3

4

**ARGUMENT**

**I.        Plaintiff Should Be Allowed to Proceed Under a Pseudonym**

Plaintiff brought this claim under the Rehabilitation Act based on a series of serious health problems that are highly personal and potentially embarrassing. Plaintiff's complaint states his long list of serious medical concerns, including attention deficit disorder/unspecified learning disorder, anxiety disorder, and dysthymic disorder. Defendant's failure to accommodate these conditions led to Plaintiff's termination. Therefore, the medical evidence is at the heart of the case and will be disclosed in a very public forum.

The potentially stigmatizing nature of disclosing his disabilities is a problem well known to the United States government. In publications and testimony, the government has noted that despite laws protecting employees with disabilities, attitudinal bias and resistant workplace cultures remain significant barriers to employment. "Attitudinal barriers can include bias against and low expectations for people with disabilities—a focus on disabilities rather than abilities. … [T]here is a fundamental need to change the attitudes of hiring managers, supervisors, coworkers, and prospective employees, and that cultural change within agencies is critical to this effort." Given such perceptions and barriers, plaintiff justly fears his future employability if the full nature of his disabilities are exposed in this forum, for anyone with a computer search engine to learn about.[1]

---

[1] U.S. Government Accountability Office, Statement of Yvonne Jones, Director, *Practices to Increase the Employment of Individuals with Disabilities,* "Testimony before the Subcommittee on Oversight of Government Management, the Federal Workforce, and the District of Columbia, Committee on Homeland Security and Governmental Affairs, United States Senate," February 23, 2011.

As Defendant acknowledges, plaintiffs in federal court can proceed under a pseudonym in certain situations.[2] In *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004), the Sixth Circuit established that it had the power to:

> excuse plaintiffs from identifying themselves in certain circumstances. Several considerations determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. They include: (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

In this case, Plaintiff is challenging governmental activity, and the suit requires the disclosure of information "of the utmost intimacy." While Defendant is serving as an employer in this case, it is still an arm of the Federal Government, and Plaintiff's complaint alleges that it violated federal law in refusing to accommodate his disability. In addition, Plaintiff has very serious health conditions that form the basis of his claim, and their public disclosure would prove damaging to his reputation and also potentially exacerbate those very same health conditions.

The Court in *Porter* further considered whether allowing Plaintiffs to proceed under a pseudonym would unfairly prejudice the defendant. Compare *Guerrilla Girls, Inc. v. Kaz*, 224 F.R.D. 571, 574-576 (S.D.N.Y. 2004) (mass confusion about which "Guerrilla Girl" was who). In that case, the district court had entered a protective order that provided only minimal information about each plaintiff to the defendant. The Court felt the protective order provided

---

[2] Plaintiff did not file a separate motion for an order to allow him to proceed under a pseudonym, but as noted above, stated in ¶ 1 of his complaint that he "seeks to proceed under a pseudonym." This was not sufficient for Defendant, which references - without citation - "the Sixth Circuit's requirement that [Plaintiff] first file a proper pleading seeking a protective order for permission to proceed under a pseudonym." (Def. Br. at 4.) No case or rule sets such a requirement. The Sixth Circuit in an unpublished decision *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005), states only that "Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him to proceed under a pseudonym." This is not a requirement, and further, the timing of such a request is not in any way specified.

sufficient information to allow the defendant to conduct discovery. In contrast, in this case, Defendant knows exactly who Plaintiff is and is therefore capable of presenting a full defense to the allegations that it discriminated against Plaintiff based on his disabilities. Allowing Plaintiff to proceed under a pseudonym in no way prejudices Defendant. Therefore, Plaintiff respectfully requests the Court enter an order allowing him to proceed under the initials G.E.G.

## II.     Plaintiff's Case Should Not Be Dismissed With Prejudice

### A.  No Controlling Authority Compels Dismissal

Defendant is asking this court to dismiss Plaintiff's case with prejudice because he did not file the complaint under his full legal name. For support, Defendant relies primarily on the unpublished Sixth Circuit opinion in *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005). In that case, the Court was confronted with a *Younger* abstention issue and an attempt by the Plaintiff to "circumvent *Younger*" by filing under a "John Doe" plaintiff to "ensure that at least one claim will go forward in federal court." *Id*. at 636. In that unique factual and procedural setting, the court cited with approval language from the Tenth Circuit in *National Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989). That language states that pleading the Plaintiff's name is required to establish jurisdiction, although in *Gibbs*, the plaintiffs had not "otherwise disclosed their identities to the court or to the defendants." *Id*. at 1245. This rule is contrary to the way it is analyzed in other circuits and is no way binding on this Court.

The *Marsh* decision is unpublished and has not been cited by the Sixth Circuit Court of Appeals in any subsequent published or unpublished decision. Nor has any district court in the Sixth Circuit seen fit to cite it in any published decision. Defendant has further cited no case law compelling this Court to dismiss the case with prejudice. Defendant does cite a case from the

Western District of Michigan, *Doe v. Hollinrake*, No. 10-cv-00305 (W.D. Mich.), but that case does not support Defendant's position. In that case, Judge Jonker issued an Order to Show Cause as to why the case should not be dismissed. However, he made no formal ruling on the show cause motion and never formally dismissed the case. Judge Jonker *sua sponte* issued the Show Cause order based on the line of cases relied on by Defendant. Judge Jonker then ordered the Plaintiffs to show cause why the case should not be dismissed. The plaintiffs responded, but Judge Jonker never made any formal decision. The case was dismissed by stipulation nearly five months after Judge Jonker's order to show cause. Before stipulated dismissal, Defendants filed a motion to dismiss. They devoted only four paragraphs of a fifteen-page motion to the issue of filing under a pseudonym. In short, Judge Jonker's order should have no persuasive authority on this court where, in the absence of any binding precedent, it was issued without briefing or argument from either side.

Furthermore, the facts of the case are distinguishable. Plaintiffs in *Hollinrake* sought to challenge Kent County's refusal to give marriage licenses to people without a social security number (with certain exceptions not relevant to the plaintiffs). The complaint explicitly stated that Plaintiffs were unknown to both the court and to the Defendants. Here, meanwhile, Defendant is aware of who Plaintiff is and would in no way be prejudiced by Plaintiff proceeding under a pseudonym.

### B. Filing With A Real Name Is Not Required for Jurisdiction

Since no binding authority limits this Court's analysis of the issue, it is free to determine the appropriate resolution to this case. Defendant relies almost exclusively on *Marsh* and cases from the Tenth Circuit. Respectfully to the Tenth Circuit, Plaintiff believes that the Court is misusing the term "jurisdiction." The Supreme Court in recent years has repeatedly emphasized

that the term "jurisdictional" was being misused.  *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510 (2006).  The Supreme Court has acknowledged that judicial opinions:

> often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim*." Da Silva [v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000)]. We have described such unrefined dispositions as "drive-by jurisdictional rulings" that should be accorded "no precedential effect" on the question whether the federal court had authority to adjudicate the claim in suit.

Arbaugh, 546 U.S. at 510 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)).

Stating a person's official name cannot be required to confer "jurisdiction" if, as in *Porter*, a court can fully consider a case where the plaintiff is proceeding under a pseudonym. Defendant's brief in support of its motion starts with the assertion that:  "The Federal Rules of Civil Procedure do not provide for suits under fictitious names, and there are likewise no provisions for anonymous plaintiffs."  However, since courts, including the Sixth Circuit in *Porter*, all acknowledge that in certain circumstances courts can consider cases where plaintiffs proceed under a pseudonym, then the Federal Rules of Civil Procedure cannot be setting up a "jurisdictional" bar.  Plaintiff fully appreciates that under Rule 10 of the Federal Rules of Civil Procedure, a party must ordinarily name itself in bringing a complaint.  If the Court determines that Plaintiff does not meet the standards in *Porter*, then Plaintiff understands that he must name himself or see his case dismissed.  *See M.M. v. Zavaras*, 139 F.3d 798, 804 (10th Cir. 1998) (affirming dismissal where "plaintiff was given several opportunities to comply with the federal rules of procedure governing the case and the orders of the court, and . . . was warned in the event of a failure to do so her case would be dismissed").

9

### C. If Plaintiff Must Name Himself, The Amended Complaint Relates Back to the Original Filing

Defendant's attempt to frame this as a jurisdictional issue is intended to prevent this case from allowing an amended complaint to relate back to the original date of filing. The problem with Defendant's argument is that no court has taken the step it wants this court to take: dismissing a case with prejudice and denying the right to relate back any amended complaint to the original date of filing. Instead, courts are in agreement that if this Court determines that Plaintiff cannot proceed anonymously, he can name himself and relate back the amended complaint to the original date of filing. Defendant has not in any way been prejudiced by Plaintiff's desires to proceed under a pseudonym. Defendant knows who Plaintiff is and could fully defend the suit whether Plaintiff were named or not.

Not surprisingly, Defendant fails to cite any similar case where a claim was dismissed with prejudice. In fact, the Tenth Circuit, which has the extremely strict rule Defendant seeks to import to this Court does not prevent the relation back of a complaint. In *Doe v. FBI*, 218 F.R.D. 256 (D. Colo. 2003), the Court granted Defendant's objection to the Plaintiff's attempt to proceed under a pseudonym. Following Tenth Circuit precedent, the court held:

> Because a proper complaint in compliance with Fed. R. Civ. P. 10(a) was never filed, it is ORDERED that this case is deemed closed. Plaintiff may reopen the case by filing an amended complaint that fully complies with Fed. R. Civ. P. 10(a) within ten business days of the date of this order. Pursuant to Fed. R. Civ. P. 15(c)(2), the date of the amended complaint shall relate back to the date of the filing of the original, defective complaint for purposes of any applicable limitations periods.

218 F.R.D. at 260. In *Doe*, like this case, the suit would be over if relation back were not allowed.

As Defendant acknowledges, this is the rule in other jurisdictions outside of the Tenth Circuit. For instance in *Doe v. Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa 1990), the Court held

10

that: "Where leave to file under a pseudonym is denied, and the plaintiff amends to file under his or her true name, the case can be deemed to have been properly filed." Then, the court ruled that an amended complaint could relate back to the original complaint because "plaintiff is apparently well known to the defendants, we find that they have not been prejudiced by John Doe's failure to file in his true name." *Id*.

Defendant's argument in favor of barring relation back instead cites *Marsh*, which did not discuss the issue, and then cites two easily distinguishable cases. First, in *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996), the Court was dealing with adding new "unknown police officers." Then, Defendant cites *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313 (6th Cir. 2010), where the Court prevented a party from adding new plaintiffs. Both of these cases merely analyze various aspects of Federal Rule of Civil Procedure 15.

The presence of Rule 15 undermines Defendant's argument in several ways. First, Rule 15 provides a means to obtain relief from the rigorous timing requirements otherwise required by federal discrimination laws. First, Rule 15 provides that if a Plaintiff were to name the incorrect party by mistake as a defendant, an amended complaint could relate back to the original date of filing if the actual defendant received notice of the suit in a timely fashion. Fed. R. Civ. P. 15(c)(1)(C). Second, under Fed. R. Civ. P. 15(c)(1)(B), a plaintiff can amend his claim to relate back to the date of filing where "the amendment states a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

Therefore, the strict timing requirements of federal discrimination laws are avoided where the plaintiff radically changes the complaint by either adding a new defendant or by adding additional claim for relief. For purposes of this case, the most relevant Rule is Fed. R.

Civ. P. 15(c)(1)(C).  Under that Rule, an entirely new defendant can be added to the case, following the 90-day right to sue limit, when the defendant is not prejudiced, as it would not be in this case.  Defendant was well aware of what charges were being brought against it the minute it saw Plaintiff's initial complaint, which was filed consistent with Plaintiff's Right to Sue letter.

Rule 15, along with Rule 17 (discussed below), evinces a functional approach to relation back.  In general, where no party will be prejudiced, and the general facts underlying a claim are presented in a timely fashion, the Rules allow relation back.  If the rule were as rigid as Defendant suggests, then Plaintiff would have been required to take extraordinary steps to attempt to proceed under a pseudonym.  Plaintiff filed his complaint at the end of the extremely brief 90-day period provided to file following receipt of his right-to-sue letter.  Plaintiff knows that under *Porter*, the Sixth Circuit in binding precedent has recognized that a plaintiff can proceed under a pseudonym in certain circumstances.

Under Defendant's theory, in order for Plaintiff to avail himself of that possibility, he would have had to file an emergency motion for a protective order and demanded an order from this Court on that very day or risk dismissal of his suit.  Such a course of action is not a wise use of judicial resources.  No emergency was at hand.  Plaintiff stated a claim for relief, and Defendant was informed what claim was stated and knew who was stating it.  The Court can now give a reasoned determination to the issue of whether Plaintiff can proceed under a pseudonym.  Then, if Plaintiff's request to proceed anonymously is rejected, the court should be to allow Plaintiff to file using his real name.

### D.  Plaintiff's Claims Also Relate Back to the Date of Filing Based on Rule 17

In addition, the addition of Plaintiff's real name could relate back under general Federal Rule of Civil Procedure 17.

Fed. R. Civ. P. 17 (a) provides that:

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

While not exactly on point, Rule 17 provides a sound analogy for the situation at hand. Plaintiff, under his real name, serves as the real party in interest and thus the case can proceed, even though the original complaint did not identify him. A similar scenario was faced in *Executive Jet Aviation v. United States*, 507 F.2d 508, 514-515 (6th Cir. Ohio 1974), where the government argued that a tort claim should be barred because the real party in interest was not named before the statute of limitations had passed. Citing Fed. R. Civ. P. 17 (a), the Court refused dismissal, and held that filing of the complaint tolled the statute of limitations. Similarly, in *Ratner v. Sioux Natural Gas Corp.*, 770 F.2d 512 (5th Cir. Tex. 1985), the court permitted relation back of the complaint in the name of the real party in interest and denied dismissal on statute of limitations grounds. The court relied upon *Hess v. Eddy*, 689 F.2d 977, 981 (11th Cir. 1982), cert. denied, 462 U.S. 1118, (1983), stating: "The plain language of the Rule clearly provides that when an action is brought by someone other than the real party in interest within the limitations period, and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred."

Here, if the initials are not satisfactory, the real party in interest is Plaintiff himself. Therefore, to amend the complaint to allow for Plaintiff's own name would be to effectively substitute the plaintiff as the real party in interest.

### E. Equity Favors Allowing Plaintiff to Amend Complaint

Finally, general principles of justice and equity favor allowing Plaintiff to amend his complaint if the Court determines he cannot proceed under a pseudonym.  Plaintiff has not acted in any way to the detriment of Defendant who was always aware of who Plaintiff was and is fully able to defend the lawsuit.  To hold otherwise would be to prevent Plaintiff from pursuing his very serious claims for discrimination when no binding precedent on this Court compels such a result.

As discussed above, Defendant's reliance on the rigorous time and administrative exhaustion requirements is misplaced.  These requirements are not absolute, and are not jurisdictional in nature.  Rule 15 and Rule 17 provide for means of adding parties or claims outside the applicable statute of limitations.  Second, Defendant's own brief acknowledges that relation back is generally allowed and fails to cite any example where a suit is dismissed with prejudice.  Finally, Defendant has offered no argument that it would in any way be prejudiced by an order allowing an amended complaint to be filed that relates back to the original date of filing.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that he be allowed to proceed under a pseudonym.  If that request is denied, Plaintiff seeks the opportunity to amend his complaint and relate it back to the date he originally filed his complaint, as well as to proceed under an appropriate protective order to protect the private nature of his disabilities, and medical information, to the full extent practicable and permitted by this court.

Respectfully submitted,
NACHT, ROUMEL, SALVATORE,
BLANCHARD & WALKER, P.C.

Dated: July 22, 2011                     s/ Nicholas Roumel
                                         Nicholas Roumel (P37056)
                                         Attorney for Plaintiff
                                         101 N. Main Street, Ste. 555
                                         Ann Arbor, MI 48104
                                         (734) 663-7550
                                         nroumel@nachtlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 3, 2011, my paralegal, Courtney Ceci, electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Ryan D. Cobb.

                                                    Respectfully submitted,
                                                  NACHT, ROUMEL, SALVATORE,
                                                  BLANCHARD & WALKER, P.C.


Dated: August 3, 2011                                 s/ Nicholas Roumel
                                                  Nicholas Roumel (P37056)
                                                  Attorney for Plaintiff
                                                  101 N. Main Street, Ste. 555
                                                  Ann Arbor, MI 48104
                                                  (734) 663-7550
                                                  nroumel@nachtlaw.com