UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

G.E.G.,

        Plaintiff,                      Case No. 1:10-cv-1124

v.                                      HON. JANET T. NEFF

ERIC K. SHINSEKI,

        Defendant.

_____/

**OPINION**

       Plaintiff filed this disability discrimination case pseudonymously under his initials G.E.G. on November 15, 2010, alleging that the Department of Veterans Affairs (VA) failed to accommodate his multiple disabilities and subsequently wrongfully terminated his employment at the VA facility in Battle Creek. Plaintiff's Complaint states that he resides in Lexington, Kentucky and seeks to proceed under a pseudonym because of the private nature of his disabilities (Compl., Dkt 1, ¶ 1).

       Defendant has filed a motion to dismiss this case with prejudice on the grounds that Plaintiff's pseudonymous suit is improper because Plaintiff failed to file a motion for permission from the Court to proceed anonymously, and his case should be dismissed for lack of jurisdiction and is now time-barred (Dkts 16, 17). Plaintiff has filed a Response (Dkt 18). For the reasons that follow, the Court denies the motion to dismiss this case and also denies Plaintiff's request to proceed under a pseudonym. Plaintiff shall amend his Complaint and proceed under his full name. Because

the amendment relates back to the date of filing of the original complaint, Plaintiff's amended action is not time-barred.

## I. Background

Plaintiff's single-count Complaint alleges disability discrimination under Section 504 of the Rehabilitation Act of 1973. According to the Complaint, Plaintiff was hired by Defendant in July 2008 as a Utilization Review Staff Nurse and was placed on a normal two-year probationary status (Compl. ¶ 12). Plaintiff's employment was terminated effective April 1, 2009 (*id.* ¶ 26). Plaintiff alleges that he is disabled due to "Attention Deficit Disorder/unspecified learning disorder; sleep apnea; radiculopathy; anxiety disorder; dysthymic disorder; and cervical neck pain" (*id.* ¶ 11). He contends that Defendant discriminated against him by failing to grant reasonable accommodations for his disabilities, and instead concluding that he had abused his sick leave, was absent without leave, and walked off the job, and therefore terminating his employment (*id.* ¶¶ 25-26, 32-33, 36-37). Plaintiff previously filed an Equal Employment Opportunity complaint with the VA alleging disability and gender discrimination; his claim was denied in a Final Agency Decision on January 28, 2010 (*id.* ¶¶ 6-9). His administrative appeal was denied, and he filed this action under the 90-day "Right to Sue" provision (*id.* at 9). The 90-day period expired on November 15, 2010, the day Plaintiff filed his Complaint (Def. Br. at 10).

## II. Analysis

Defendant argues that Plaintiff's case must be dismissed because Plaintiff failed to seek permission from the Court to file a pseudonymous complaint, his alleged disabilities do not warrant such nondisclosure, and consequently, Plaintiff failed to commence an action, and the Court lacks

jurisdiction over his Complaint. Defendant further argues that the dismissal should be with prejudice because any new action is now time-barred.

### A. *Plaintiff's Request to Proceed Pseudonymously*

The Sixth Circuit Court of Appeals has recognized pseudonymous suits as a limited exception to the general rule that the parties' names must be stated in the complaint:

> It is a general rule that a complaint *must* state the names of the parties. FED. R. CIV. P. 10(a). Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule. *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004). When determining whether such an exception is justified, a court may consider, among others, the following factors:
>
> "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children."
>
> *Id.* at 560 (internal quotes omitted). It is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case. *See id.* at 561.

*Citizens for a Strong Ohio v. Marsh,* 123 F. App'x 630, 636-37 (6th Cir. Jan. 3, 2005) (unpublished opinion) (emphasis in original).

Defendant asserts that only factors (1) and (2) above even arguably apply in this case, and they do not weigh in favor of allowing Plaintiff to proceed under a pseudonym. The Court agrees. Plaintiff provides no persuasive justification under factor (1), a challenge to governmental activity, which Defendant notes, usually applies to cases in which the plaintiff challenges governmental activity such as a policy or statute. With regard to factor (2), Plaintiff's alleged disabilities are not so intimate or stigmatizing that they justify proceeding pseudonymously. Disability discrimination cases involving disabilities such as those alleged by Plaintiff are routinely filed by named plaintiffs.

Courts have permitted plaintiffs to proceed anonymously[1] "'[w]here the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families," in cases in which the plaintiffs "were challenging the constitutional, statutory or regulatory validity of government activity." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712-13 (5th Cir. 1979) (footnotes and citation omitted). Many of the plaintiffs "also had to admit that they either had violated state laws or government regulations or wished to engage in prohibited conduct." *Id.* at 713. No comparable circumstances exist here. Plaintiff's privacy interests do not "substantially outweigh the presumption of open judicial proceedings." *See Porter,* 370 F.3d at 560. Plaintiff must therefore proceed with this action, if at all, in his full name rather than merely his initials.

B. *Propriety of Amended Complaint*

Having determined that Plaintiff must amend his Complaint and proceed under his full name, the remaining question is whether the amendment relates back to his original complaint. Defendant contends that the failure to seek and obtain permission to proceed pseudonymously is fatal to Plaintiff's action because the Court lacked jurisdiction over an unnamed party; therefore no action was commenced, and Plaintiff's action is now time-barred.

Plaintiff asserts that no controlling authority compels dismissal. He argues that his suit should not be dismissed given the short 90-day filing period, and that pursuant to FED. R. CIV. P.

---

[1] Plaintiff stresses that he seeks to proceed "pseudonymously," not "anonymously," since Defendant knows Plaintiff's identity and therefore "is in no way inhibited from defending this action" (Pl. Br. at 3). Nonetheless, the Court must weigh the public's interest in disclosure, and the mere lack of prejudice to Defendant does not outweigh the countervailing considerations.

17(a),[2] he should be permitted a reasonable time to address Defendant's objection and proceed in his real name, if necessary. Plaintiff contends that the amended complaint would "relate back" to the initial complaint and not deprive the Court of jurisdiction.

Defendant cites the Sixth Circuit's unpublished decision in *Marsh* in support of dismissal:

> Ordinarily, a plaintiff wishing to proceed anonymously files a protective order that allows him or her to proceed under a pseudonym. *See* [*Porter,* 370 F.3d] at 560. In this case, however, the docket sheet does not reflect any motion or proceeding dealing with whether the three anonymous plaintiffs could proceed under pseudonyms. Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because, as the Tenth Circuit has held, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs,* 886 F.2d 1240, 1245 (10th Cir. 1989).

*Marsh,* 123 Fed. App'x at 636-37.

While courts in some cases have found that if a complaint fails to divulge the plaintiff's identity, its filing is ineffective to commence an action, the circumstances presented here do not warrant that conclusion. Here, Defendant is fully aware of Plaintiff's identity and the underlying facts of this case, which are set forth in the Complaint, including the specific factual allegations supporting Plaintiff's discrimination claim, as well as the case numbers and details of the EEO complaint. Although Plaintiff did not file a motion to proceed pseudonymously, he did recognize the need for, and requested, the Court's permission to so proceed in the first paragraph of his Complaint, which stated: "Plaintiff G.E.G. resides in Lexington, Kentucky and seeks to proceed under a pseudonym due to the private nature of his disabilities."

---

[2]Rule 17(a)(3) provides: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

"As a general matter, a complaint must state the names of all parties. FED. R. CIV. P. 10(a). However, we may excuse plaintiffs from identifying themselves in certain circumstances." *Porter,* 370 F.3d at 560. Plaintiff validly points out that if a court can fully consider a case in which the plaintiff proceeds under a pseudonym, it raises a question whether a person's name is truly required to confer jurisdiction (Pl. Br., Dkt 18, at 9).

Nonetheless, in *Marsh*, the court reiterated the Tenth Circuit's observation that the failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case because "'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Marsh,* 123 F. App'x at 637 (citing *Nat'l Commodity,* 886 F.2d at 1245). In *Nat'l Commodity*, 886 F.2d at 1245, the Tenth Circuit found dismissal proper because the unnamed plaintiffs had made no request to the district court for permission to proceed anonymously:

> In this case, the unnamed plaintiffs have made no request to the district court for permission to proceed anonymously, nor have they otherwise disclosed their identities to the court or to the defendants. Absent permission by the district court to proceed anonymously, and under such other conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.

Here, unlike in *Nat'l Commodity,* Plaintiff did seek permission to proceed under a pseudonym. Accordingly, the court finds the reasoning in *Nat'l Commodity* distinguishable and dismissal of this action unwarranted.

Defendant cites *Does v. Shalushi,* No. 10-11837, 2010 WL 3037789 (E.D. Mich. July 30, 2010), for the proposition that dismissal is required for lack of jurisdiction. In *Shalushi*, the defendants moved for a more definite statement as to the unnamed plaintiffs' identities, and the court granted the motion, further ordering that the plaintiffs must file an amended complaint that identifies

each plaintiff by name. *Id.* at *1, 4-5. The cases cited by Defendant do not speak directly to the issues arising here, where a request to proceed pseudonymously was made contemporaneously with the filing of the Complaint but subsequently denied. Under the circumstances of this case, Plaintiff's request to amend his Complaint is properly granted.

An Order consistent with this Opinion will be entered.


DATED: February 6, 2012  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge