UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

GLEN E. GRAENING

       Plaintiff,                           Case No.1:10-cv-1124

v.                                                  Hon. Janet T. Neff

DEPARTMENT OF VETERANS AFFAIRS

       Defendant.

_____

| | |
|---|---|
| NICHOLAS ROUMEL (P37056) | RYAN D. COBB |
| NACHT, ROUMEL, SALVATORE, | Assistant United States Attorney |
|  BLANCHARD &WALKER, P.C. | Attorney for Defendant |
| Attorney for Plaintiff | Post Office Box 208 |
| 101 N. Main Street, Ste. 555 | Grand Rapids MI  49501-0208 |
| Ann Arbor, MI 48104 | (616) 456-2404 |
| (734) 663-7550 | Ryan.Cobb@usdoj.gov |
| nroumel@nachtlaw.com | |

_____

## **FIRST AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff states his first amended complaint (pursuant to the Court's order of February 6, 2012) as follows:

### **Preliminary Statement**

Glen E. Graening makes this complaint of discrimination on the basis of disability, concerning defendant's failure to accommodate him and subsequent termination of his employment.

### **Parties/Jurisdiction/Venue**

1.     Plaintiff Glen E. Graening resides in Lexington, Kentucky.

2.     Defendant Eric K. Shinseki, Secretary, Department of Veterans Affairs ("VA") is a federal agency.

1

3. The events described in this lawsuit occurred primarily at the VA facility in Battle Creek, Michigan, where plaintiff was employed.

4. The jurisdiction of this court is invoked pursuant to Section 504 of the Rehabilitation Act of 1973 ("the Rehabilitation Act"; "§ 504").

5. The amount in controversy exceeds $75,000.

6. Mr. Graening made a formal Equal Employment Opportunity ("EEO") complaint to the Department of Veterans Affairs, Office of Employment Discrimination Complaint Adjudication, on June 11, 2009, alleging discrimination on the basis of disability and gender (male). The case # is identified as agency no. 200J-0515-2009102808; appeal no. 0120101751.

7. In a final agency decision issued January 28, 2010, the Agency denied his claim.

8. Mr. Graening timely appealed the denial, on March 18, 2010.

9. The EEOC affirmed the Agency's denial of Mr. Graening's claim, in a decision dated August 11, 2010 that included a 90-day "Right to Sue" provision. That decision was also mailed to Mr. Graening on August 11, 2010, and received on August 17, 2010.

## Factual Allegations

10. Previous paragraphs adopted by reference.

11. Mr. Graening is a qualified individual with a disability; in that he suffers from a Attention Deficit Disorder/unspecified learning disorder; sleep apnea; radiculopathy; anxiety disorder; dysthymic disorder; and cervical neck pain. These conditions are permanent. He is under regular medical care for these conditions, and takes several medications.

12. He was hired by defendant in July, 2008 as a Utilization Review Staff Nurse in the Battle Creek, Michigan VA facility, and was placed on a 2-year probationary status as a normal condition of his employment.

13. Mr. Graening was well qualified for this position, and could perform all the essential functions of that job with or without reasonable accommodations.

14. Defendant was made aware of Mr. Graening's disabilities at various times during the course of his employment.

15. Mr. Graening made informal requests for accommodations in the first several months of his employment, generally requests for minor aids and adaptations related to his disabilities, to provide him with flexibility in his schedule, quiet and uninterrupted work environment, additional time to work beyond his normal tour of duty, unpaid; and return to a compressed tour of duty. Plaintiff also sought a transfer to an open position for which he was qualified, "Safe Patient Handling Coordinator."

16. Defendant ignored or denied these requests, and denied plaintiff the job transfer.

17. On January 26, 2009, the plaintiff sought to resign with a two week notice, frustrated with defendant's lack of response to his informal accommodations requests.

18. However, after consulting with Human Resources, plaintiff decided to rescind his resignation and this was permitted by defendant.

19. Plaintiff again advised Human Resources that he needed accommodations to facilitate his performance of his job duties, to wit, a specified period of short-term leave, so that he could seek and receive an evaluation and treatment of how his disability was affecting his ability to perform his job, and what specific accommodations, if any, would be indicated.

20. While plaintiff was in his office, the Human Resources Assistant Chief, Bill Bernhard, notified plaintiff's supervisor, Gail O'Dwyer, by telephone of plaintiff's request for the accommodation of leave and the purpose of the leave. Ms. O'Dwyer verbally approved the plaintiff's leave.

21. Plaintiff then went to his family physician on January 28, who put plaintiff off work through February 9, 2009; plaintiff received a notice to that effect on January 28 and faxed it to defendant the same day.

22. On February 2, 2009, Mr. Graening additionally faxed to Ms. O'Dwyer a written request that incorporated his previous requests for accommodations for his work environment, and a formal request to be allowed to use his accrued sick and annual leave while off work through February 9, to obtain the information indicated above in paragraph 19.

23. On February 4, 2009, Ms. O'Dwyer mailed a letter to plaintiff which he received after returning to work. It was intentionally backdated to January 4, 2009, and falsely stated both that plaintiff had exhausted his sick leave as of January 2, 2009. It further stated that plaintiff's request for annual and discretionary leave without pay were denied, and that he was considered AWOL and faced disciplinary action.

24. Plaintiff returned to work February 10, 2009. Upon his return, Ms. O'Dwyer told him "you broke the trust in the relationship because I interviewed you twice and not once did you mention that you had a disability."

25. Then on February 10, 2009, Ms. O'Dwyer commenced a "Summary Probation Review Board" review of the plaintiff, again alleging that he abused his sick leave and was absent without leave, "walking off the job on 1-26-2009."

26. This Summary Review Process resulted in a decision on March 19, 2009, to terminate plaintiff's employment effective April 1, 2009, and plaintiff was accordingly terminated on that date.

**Legal Allegations**

*Count I – The Rehabilitation Act, § 504 – Disability Discrimination*

27. Previous paragraphs adopted by reference.

28. At all relevant times, plaintiff was a disabled individual under the Rehabilitation Act, and § 504, because his medical impairments, as described in paragraph 11, substantially limit major life activities of focusing, concentrating, use of memory, learning, sleeping, and breathing.

29. At all relevant times, defendant was a person within the meaning of the Rehabilitation Act.

30. At all relevant times, defendant met all the requirements of employer status under the Rehabilitation Act.

31. At all relevant times, plaintiff was qualified to perform the essential functions of his job, with reasonable accommodation.

32. Plaintiff made several requests for reasonable accommodation, including:

   a. the requests described above in paragraph 15;

   b. the job transfer request described in paragraph 15;

   c. short term leave for the purpose of getting a full evaluation and necessary medical treatment, and to present specific information concerning his disability, and specific accommodation requests, as described in paragraph 19;

   d. written accommodation requests dated February 2, 2009.

33. Defendant, through Ms. O'Dwyer, denied all of plaintiff's accommodation requests, and did not engage in a good faith interactive process as required by law.

34. Ms. O'Dwyer's denial of plaintiff's accommodation requests was arbitrary and discriminatory. For example:

      a.     plaintiff's request for a less distracting work space, such as a private office, was denied; but a later hire was granted a private office.

      b.     plaintiff's request to work late, unpaid, so that he could work in a quiet atmosphere was denied; but another employee was permitted to work outside of regular work hours.

      c.     plaintiff's request for a second computer monitor, or a wider monitor, was denied, even though he offered to pay the cost himself.

      d.     plaintiff's request for short term leave, using his accrued sick and annual leave time, was denied, even though employees could routinely go on short term leave and have their leave formally approved after they commenced their leave.

35. Granting plaintiff's accommodations requests would not have imposed an undue hardship upon the defendant.

36. Instead of granting reasonable accommodations as requested by plaintiff, defendant terminated him for the leave he had taken in order to see his doctor, using his accrued sick and annual leave days.

37. Defendant's failure to accommodate plaintiff and decision to terminate him constituted discrimination in violation of the Rehabilitation Act, § 504.

38. Such discrimination has damaged plaintiff as described below.

## **Damages**

39. Previous paragraphs adopted by reference.

40. Defendant's actions were done willfully with reckless indifference to plaintiff's right to be free from illegal discrimination.

41.     Defendant's actions directly caused and proximately caused plaintiff great damages, including embarrassment, humiliation, outrage, pain and suffering, mental distress and economic loss of large but as of yet undetermined proportions.

## Jury Demand

Plaintiff demands a trial by jury.

## Relief Requested

*W H E R E F O R E*    plaintiff Glen E. Graening requests this honorable court grant him the following relief:

    a.     Actual and consequential damages as may be proven, including pre- and post-judgment interest, in a minimum amount of $75,000;

    b.     Declaratory relief recognizing the defendant has illegally discriminated against plaintiff based on his disability;

    c.     Injunctive relief ending the discriminatory policies of the defendant, including but not limited to reinstatement;

    d.     Whatever equitable relief that may be appropriate, including but not limited to reinstatement;

    e.     punitive damages payable to plaintiff in the amount to properly penalize defendant for their misconduct and to deter such future misconduct; and

    f.     costs incurred in this action, plus reasonable attorney fees.

                                                Respectfully submitted,
                                                NACHT, ROUMEL, SALVATORE,
                                                BLANCHARD & WALKER, P.C.

                                                *s/Nicholas Roumel*

Dated: February 17, 2012                                    _____
                                                Nicholas Roumel (P37056)
                                                Attorney for Plaintiff
                                                101 N. Main Street, Ste. 555
                                                Ann Arbor, MI 48104
                                                (734) 663-7550
                                                nroumel@nachtlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 17, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Ryan D. Cobb

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:  n/a

                                            Respectfully submitted,
                                            NACHT, ROUMEL, SALVATORE,
                                            BLANCHARD & WALKER, P.C.

Dated: February 17, 2012                            s/Nicholas Roumel
                                            Nicholas Roumel (P37056)
                                            Attorney for Plaintiff
                                            101 N. Main Street, Ste. 555
                                            Ann Arbor, MI 48104
                                            (734) 663-7550
                                            nroumel@nachtlaw.com